FILED

2026 Jul-22  AM 11:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LOVE-A-BULL, INC.,                         *

    Plaintiff,                         *

v.                                         *       CIVIL ACTION NO. _____

BRANDIE WITT individually,                 *
and LOVE A BULL KENNELS,
LLC, an Alabama Limited Liability          *
Company,
                                           *
    Defendants.

**COMPLAINT**

Plaintiff Love-A-Bull, Inc. ("Plaintiff" or Love-A-Bull"), by and through its undersigned counsel, files this Complaint against Defendants Brandie Witt and Love A Bull Kennels LLC (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*., including claims under 15 U.S.C. §§ 1114 and 1125(a), arising from Defendants' willful and unauthorized use of Plaintiff's federally registered trademark, which Plaintiff has continuously used in commerce nationwide in connection with its non-profit dog rescue services since at least 2008.  Plaintiff is the senior user of the trademark and has established substantial goodwill, recognition, and national brand partnerships, making the trademark distinctive and protectable.

2. Plaintiff operates a non-profit dog rescue organization, while Defendants operate a dog breeding business whose services directly conflict with and undermine Plaintiff's mission to rescue and rehome dogs responsibly.  Defendants' unauthorized use in commerce of Plaintiff's

1
COMPLAINT

trademark is likely to cause confusion, mistake, or deception among the public, and has already caused, and will continue to cause, irreparable harm to Plaintiff's goodwill, reputation, and brand identity, including by creating the false impression that Plaintiff is affiliated with or endorses Defendants' dog breeding activities.

3.      Plaintiff seeks injunctive relief, damages, and such other relief as the Court deems just and proper to prevent the continued unauthorized use of its valuable trademark.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the Lanham Act.

5.      This Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because the Defendants reside in the District.

## PARTIES

7.      Plaintiff Love-A-Bull, Inc. is a non-profit organization duly organized and existing under the laws of the State of Texas with its principal place of business located in Austin, Texas.

8.      Plaintiff was founded in 2005 and has continuously used the trademark "Love-A-Bull" ("the Mark") in commerce since at least 2008 in connection with its charitable dog rescue services focused on Pit Bull breeds.

9.      Upon information and belief, Defendant Brandie Witt is an individual residing in Huntsville, Madison County, Alabama, and is the owner and operator of a dog breeding business, Love A Bull Kennels, LLC. Brandie Witt may be served with service of process at 554 Old Highway, Hazel Green, AL 35750.

COMPLAINT

10. Defendant Love A Bull Kennels, LLC is an Alabama limited liability company formed on or about June 21, 2025, with its principal place of business in Hazel Green, Alabama. Love A Bull Kennels, LLC may be served with service of process via its Registered Agent, Brandie Witt, 554 Old Highway, Hazel Green, AL 35750.

## FACTUAL ALLEGATIONS

### Plaintiff's Trademark Rights

11. Plaintiff is a nationally recognized non-profit organization that rescues, rehabilitates, and rehomes dogs, specifically focusing on Pit Bull breeds.

12. Plaintiff has used the "Love-A-Bull" Mark in commerce since at least 2008 in connection with its services, and the organization has been active since its founding in 2005.

13. Plaintiff was issued federal trademark protection for "Love-A-Bull" on January 21, 2014 (Registration #4469010).[1]

14. These registrations cover services in International Classes 35, 41, and 45, and have been used continuously in commerce nationwide.

15. Plaintiff's first registration has been in continuous use and on the Principal Register for more than five years and is thus incontestable pursuant to 15 U.S.C. § 1065, giving Plaintiff conclusive evidence of its exclusive right to use the Mark under 15 U.S.C. § 1115(b).

16. Plaintiff's services and operations extend nationwide. Plaintiff receives donations and provides services across the United States and Canada, has no fewer than eight national brand partners—including Chewy—and has been awarded charitable grants from foundations located outside Texas, including in New York.

---

[1] Plaintiff also owns two other federal trademarks related to the Love-A-Bull brand: Registration No. #4469001, "Love-A-Bull Education Advocacy Responsibility" issued on January 21, 2014; Registration No. #4643953, "Pit Crew Love-A-Bull.org Austin, Texas" issued on November 25, 2014.

COMPLAINT

17.     Plaintiff has conducted high-profile, multi-state dog rescues, including involvement in dismantling illegal dog-fighting rings.

18.     Plaintiff has developed substantial goodwill and brand recognition nationwide through these activities.

**Defendants' Infringing Conduct**

19.     Defendants are a breeder of Pit Bull dogs and have recently begun using in commerce a mark, "Love-A-Bull Kennels" (the "Infringing Mark"), that is almost identical and confusingly similar to Plaintiff's Mark, in connection with Defendants' dog breeding services, including on advertising, websites, and social media pages.

20.     Upon information and belief, Defendants have not obtained any federal trademark registration for the Infringing Mark.

21.     The Infringing Mark is nearly identical to Plaintiff's Mark in appearance, sound, meaning, and overall commercial impression.

22.     Defendants' use of the Infringing Mark is likely to cause confusion, mistake, or deception among the public, including but not limited to donors, adopters, partners, and the general public, as to the source, sponsorship, or affiliation of Defendants' services, particularly given that both parties operate in the dog-related services market and promote their services through overlapping online channels.

23.     Defendants' use of the Infringing Mark is especially injurious given that Plaintiff's mission is to rescue dogs from environments of over-breeding and neglect, while Defendants actively breed the same types of dogs and such breeders are often a source of such overpopulation and neglect that leads to the need for dog rescues like Plaintiffs' in the first place.  The association directly undermines Plaintiff's mission and goodwill.

24. The likelihood of confusion is compounded by the overlapping services and coordinated trademark classes. Plaintiff's registrations include Classes 35, 41, and 45, and Defendants' services, based on publicly available descriptions, fall at least within Classes 41 and 44—classes the USPTO considers coordinated for purposes of determining likelihood of confusion.

<strong>PRE-SUIT NOTIFICATION AND COMMUNICATIONS</strong>

25. Plaintiff only recently became aware of Defendants' infringing use of its Mark and has acted promptly to protect its rights.

26. On June 11, 2025, Plaintiff, through counsel, sent a cease-and-desist letter demanding that Defendants discontinue all use of the Infringing Mark, remove infringing content from online and offline platforms, and provide written assurances of compliance.

27. On June 18, 2025, Defendants, through counsel, denied all claims, asserting purported defenses including alleged geographic limitation, distinct and non-overlapping services, laches, and that federal registration was "not conclusive."

28. On June 27, 2025, Plaintiff responded, rejecting these defenses, providing evidence of Plaintiff's nationwide use and federal registration, and again demanding cessation of infringing conducts.

29. Plaintiff also noted that Defendants have been marketing her dog breeding business using the name "Love A Bull Kennels LLC," despite not having formed any limited liability company by that name.

30. On July 8, 2025, Defendants responded, producing limited documents they claimed demonstrated prior use in 2006–2008 and citing 15 U.S.C. § 1115(b)(5) to support a "limited area" defense, but again refused to cease use.

5<br>COMPLAINT

31.     The limited documents provided only show that any earlier use by Defendants of the Infringing Mark was inconsistent, sporadic, and limited.  They consist of an email chain from 2006 which contains a non-distinct website URL incorporating "Love A Bull Kennels" which is hosted under a third-party domain and two vague declarations from third-party breeding customers stating they purchased a dog from "Love A Bull" in 2007-2008. This evidence is insufficient to establish common law priority rights.

32.     In the 2006 email and even currently, Defendants' business email address fails to incorporate the Infringing Mark and instead ends in "@huntsvillepitbulls@yahoo.com." Plaintiff's Cease and Desist was directed to this email address.

33.     Defendants' current website incorporating the Infringing Mark appears to have first been indexed in 2023, and their social media pages appeared to have been created in 2022.

34.     Subsequent communications and calls between the parties in July and August 2025 revealed that Defendants had altered social media and website content but refused to discontinue use of the Infringing Mark.  Defendants threatened sanctions under Federal Rule of Civil Procedure 11 if Plaintiff filed suit.

35.     Despite notice of Plaintiff's rights and repeated opportunities to stop, Defendants have continued to use the infringing mark, demonstrating willful infringement.

## CLAIMS FOR RELIEF

### COUNT I:
### Federal Trademark Infringement – 15 U.S.C. § 1114

36.     Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

37.     Plaintiff owns a registered, valid, subsisting, and incontestable federal trademark for the mark "Love-A-Bull" which is distinctive and entitled to protection under the Lanham Act.

COMPLAINT

38.     Plaintiff has used the Mark continuously in interstate commerce since at least 2008 in connection with its nonprofit dog rescue services.

39.     Defendants, without authorization, have used and continue to use in interstate commerce an Infringing Mark in connection with Defendants' dog breeding business, including on websites, social media, sales, advertising, and promotional materials.

40.     The Infringing Mark is confusingly similar to Plaintiff's Mark in appearance, sound, meaning, and overall commercial impression.

41.     Defendants' use of the Infringing Mark is likely to cause confusion, mistake, or deception among ordinary consumers as to the source, sponsorship, affiliation, or approval of Defendants' goods and services.

42.     Defendants' actions constitute trademark infringement in violation of 15 U.S.C. § 1114.

43.     Defendants' continued use of the infringing mark after receiving notice of Plaintiff's rights also constitutes willful infringement.

44.     Plaintiff has suffered and will continue to suffer irreparable harm unless enjoined by this Court.

## COUNT II:
### Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a)

45.     Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

46.     Plaintiff's Mark "Love-A-Bull" is inherently distinctive and identifies Plaintiff as the source of its service.

47.     Plaintiff has developed strong common-law rights in addition to Plaintiff's federal registration through long and continuous use in commerce predating the Mark's federal registration.

7
COMPLAINT

48.    Defendants have used, and continue to use, in commerce a name and mark that is confusingly similar to Plaintiff's "Love-A-Bull" Mark in connection with overlapping services.

49.    Defendants' use of the Mark is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

50.    Defendants' acts constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

51.    Plaintiff has suffered, and will continue to suffer, irreparable injury to its business, goodwill, and reputation unless Defendants are restrained from further acts of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

a.    A permanent injunction enjoining Defendants and any affiliated parties from using the infringing mark or any confusingly similar variation;

b.    An award of damages, including Defendants' profits, Plaintiff's actual damages, and the costs of corrective advertising pursuant to 15 U.S.C. § 1117;

c.    An award of treble damages and attorney's fees pursuant to 15 U.S.C. § 1117 for willful infringement;

d.    An order for the destruction or removal of all infringing materials pursuant to 15 U.S.C. § 1118;

e.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

COMPLAINT

Dated: July 22, 2026.                          Respectfully submitted,

                                               */s/ Michael J. Douglas*
                                               Michael J. Douglas   ASB2888C52D
                                               LEAK, DOUGLAS & MORANO, PC
                                               The John A. Hand Building
                                               17 20th Street North, Suite 200
                                               Birmingham, AL 35203
                                               205.977.7099
                                               mdouglas@leakdouglas.com

                                               *Counsel for Plaintiff, Love-A-Bull, Inc.*

                                               and

                                               */s/ Lydia R. Zaidman*
                                               Lydia R. Zaidman*
                                               D'AMURA & ZAIDMAN, PLLC
                                               Texas State Bar No. 24056869
                                               lzaidman@dz-pllc.com
                                               609 Josephine Street
                                               Austin, Texas 78704
                                               (718) 791-5493

                                               *Counsel for Plaintiff, Love-A-Bull, Inc.*

                                               *\* Motion for Admission Pro Hac Vice
                                               To Be Filed*

COMPLAINT